IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Tetter,   Case No. 4:16CV01140

    Plaintiff,

v.   **ORDER**

Chief U.S. Marshal, *et al.*,

    Defendants.

    This is a case that was filed as a civil suit. The plaintiff, David Tetter, an inmate, following his conviction and 100-month sentence on child pornography charges, at the Elkton, Ohio Federal Correctional Institution, claims that he has wrongly not received credit for time spent on pretrial release awaiting disposition of his case.

    The defendants have filed a motion to dismiss. (Doc. 16).[1] For the reasons that follow, I find the motion well taken. Accordingly, I grant the motion and dismiss with prejudice.

## Background

    Tetter originally filed his complaint in the Northern District of Texas, Dallas Division. The gravamen of his complaint is that the Bureau of Prisons has wrongfully failed to give him credit for time spent on pretrial release. In his complaint, he seeks both to have his sentence recomputed (and, thereby, attain his release) and money damages.

---

[1] Tetter captioned his opposition to the motion to dismiss as a motion to strike, rather than an opposition or response to the motion to dismiss. (Doc. 17). Regardless, I deem his filing to be his opposition on the merits to the government's motion.

On review of the complaint, the Northern District of Texas severed the damages portion of Tetter's complaint from the habeas corpus portions. That court correctly held that the proper procedural vehicle for obtaining credit for prior custody is a petition for habeas corpus under 28 U.S.C. § 2241. (Doc. 10 at 1) (citing *Arreola-Amay v. Fed. Bureau of Prisons*, 623 F. App'x 710 (5th Cir. 2015).[2] That court also held that this court, and not it, properly had jurisdiction over the case because Tetter is imprisoned in this District. (*Id.* at 2).

The government seeks dismissal on two grounds: 1) failure to exhaust administrative remedies; and 2) Tetter is not entitled to relief on the merits. Both arguments are well taken.

### A. Failure to Exhaust Administrative Remedies

Before filing a § 2241 petition, a federal inmate must have complied with the administrative processes prescribed in 28 C.F.R. §§ 542.10-542.19. *E.g., Graham v. Snyder*, 68 F. App'x. 589, 590 (6th Cir. 2003). Tetter has the burden of showing compliance with those procedures. *E.g., Davis v. Keohane*, 835 F.2d 1147, 1149 (6th Cir. 1987).

Tetter claims he satisfied the exhaustion requirement by sending letters to Attorney General Loretta Lynch. Letters to the Attorney General fall far outside the required intra-institutional sequence set forth in 28 C.F.R. §§ 542.13-542.15. Trying to run around the hurdles set up by those sections by sending letters to the Attorney General does not work. Tetter has not exhausted the mandatory administrative remedies.

Nor has Tetter met his burden, *Davis, supra*, 835 F.2d at 1149, of showing that compliance with the administrative process would be futile. First, his failure even to attempt to take the

---

[2] The same is true in the Sixth Circuit. *Woody v. Marberry*, 178 Fed. Appx. 468, 471 (6th Cir. 2006) (*"Under § 2241, . . ., a court can grant relief when sentencing credits are miscalculated."*).

prescribed route precludes a finding of futility. *See Jackson v. Fed. Bureau of Prisons*, 2007 WL 2231036, *3 (N.D. Ohio) (Oliver, C.J.). In any event, Tetter's conclusory contentions of anticipatory futility do not meet the burden to show likely futility. *Wright v. Warden*, *FCI-Cumberland*, 2010 WL 1258181, *1 (D. Md.).

### B. Tetter is Not Entitled to Additional Time Served Credit

After his arrest, Tetter spent seven days in jail before being released on a $10,000 unsecured bond and, with certain exceptions, home confinement. That status continued from the date of his release, July 13, 2010, until the court ordered him into the custody of the Bureau of Prisons immediately following his sentencing on July 26, 2012.

Title 18 U.S.C. § 3585(b) provides that a defendant "shall be given credit toward the service of a term of imprisonment for any time spent in official detention prior to the date the sentence commences." Time while released is not "official detention," even if it includes a condition of non-jail confinement. *Reno v. Koray*, 515 U.S. 50, 57 (1995). Home confinement does not constitute "official detention." *E.g., U.S. v. Becak*, 954 F.2d 386, 388 (6th Cir. 1992); *U.S. v. Wallace*, 2007 WL 2238156, *2 (S.D.Ohio) (holding being released on bond and subject to home confinement is "not equivalent to 'official detention' and therefore is not credited toward time served").[3]

### Conclusion

Tetter failed to exhaust his administrative remedies before seeking relief under 28 U.S.C. § 2241. In any event, there is no merit to his claim that he is entitled either to credit for time served

---

[3] I also agree that there is no merit to Tetter's contention that continued acquisition of good time credit against his sentence will result in an 85% period of imprisonment, rather than 87% as the government contends. The Supreme Court rejected this argument in *Barber v. Thomas*, 560 U.S. 474, 480 (2010).

in home confinement or a good time credit that decreases his term to 85%, rather than 87%, of his term as imposed.

It is, accordingly,

ORDERED THAT: the portion of plaintiff's complaint that seeks relief under 28 U.S.C. § 2241 be, and the same hereby is, dismissed with prejudice.

Jurists of reason could not dispute the result or rationale of this order, and I decline to issue a Certificate of Appealabilty.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge